IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

TERRY SANDERS,            }
                          }
    Plaintiff,            }
                          }   CIVIL ACTION NO.
v.                        }
                          }   CV-01-AR-1568-J
MORGANTOWN-NATIONAL SUPPLY, }
INC., et al.,             }
                          }
    Defendants.           }

FILED
01 AUG 30 PM 3:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
AUG 30 2001

## MEMORANDUM OPINION

The court is presented with a motion filed by plaintiff, Terry Sanders ("Sanders"), seeking a remand of the case he brought in state court against the removing defendants, Morgantown-National Supply, Inc. (designated in the complaint by its former name, National Mine Service) ("Morgantown"), and LWTI, Inc. ("LWTI"), who are targeted under a product liability theory for alleged personal injuries sustained by Sanders while on the job. His complaint contains a separate workers compensation claim against his employer, Drummond Company, Inc. ("Drummond"), which is non-diverse. The removing defendants have citizenship diverse from plaintiff, and their notice of removal avers that Drummond was fraudulently joined by Sanders for the purpose of destroying the diversity jurisdiction that otherwise would be available under 28 U.S.C. §1332.

Drummond does not join in the removal. It has stated no position with respect to Sanders's right to join a workers



compensation claim, which is a non-jury cause of action under Alabama law, with a jury triable tort claim that seeks recovery for the same injuries that are the subject of Sanders's distinct theory against his employer. Unfortunately, the Supreme Court of Alabama has not expressed itself on the right of a plaintiff to join such claims in one suit. There are decent arguments for and against such a procedure in an Alabama court. Both arguments have been well made to this court. Whether they have also been made to the state court from whence this case was removed, this court does not know. The state court ostensibly is comfortable as it proceeds with two separate claims in tandem. It also would appear that Drummond has not forced the misjoinder issue. Perhaps one of these days the Supreme Court of Alabama will speak dispositively on the subject. In the meantime, however, this court respectfully declines to certify the question to the Supreme Court of Alabama. The question can be presented in due course to the Supreme Court of Alabama in this or some other case. This court fervently hopes that there will be a binding expression by an Alabama appellate court before this court has to face the issue again.

   Because this court is a court of limited jurisdiction, and therefore must give the benefit of the doubt in favor of the jurisdiction of the state court, which was the forum here chosen by plaintiff, this court is unwilling to grant an unfiled motion to dismiss by Drummond. This would be the effect of an order denying plaintiff's motion to remand.

The court is not bound by what it has said in the past. Consistency may not be next to Godliness, but this court is reluctant to find that this plaintiff fraudulently joined a non-diverse defendant when plaintiff's counsel in this case finds himself in exactly the same situation he was in on three earlier occasions in which this very court found his client not to have fraudulently joined employer defendants sued for workers compensation in the same cases in which non-employer alleged tortfeasors were named as defendants.

For the foregoing reasons, plaintiff's motion to remand will be granted by separate order.

DONE this __30th__ day of August, 2001.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE